STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
FRANK E. CATTAFI, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted June 8, 1988—Decided July 6, 1988.

Before Judges KING, GAULKIN and GRUCCIO.

*Hetchka, Maenza & Bachmann,* attorneys for appellant (*Keith A. Bachmann,* on the brief).

*Herbert H. Tate, Jr.,* Essex County Prosecutor, attorney for respondent (*John S. Redden,* Deputy First Assistant Prosecutor, of counsel).

The opinion of the court was delivered by

GAULKIN, J.A.D.

Defendant was found guilty in the Cedar Grove Municipal Court of driving while his license was revoked. *N.J.S.A.* 39:3–40. He was fined $750 as a second offender. *Id.* On his *de novo* appeal, the Law Division again found him guilty and reimposed the $750 fine. Defendant appeals from the Law Division judgment.

The facts are undisputed. On July 5, 1987, defendant was a front-seat passenger in a vehicle operated by his brother, Patrick. Patrick was not a licensed driver, but held a permit allowing him to operate an automobile under the supervision of a licensed driver. *N.J.S.A.* 39:3–13. Defendant was not licensed to drive, for his license had been revoked. Defendant's attorney conceded that he was in the car "to accommodate what he believed was a permit driver." A police officer stopped the vehicle and, after ascertaining the facts, charged defendant with violating *N.J.S.A.* 39:3–40, which provides in relevant part:

> No person to whom a driver's license has been refused or whose driver's license or reciprocity privilege has been suspended or revoked, or who has been prohibited from obtaining a driver's license, shall personally operate a motor vehicle during the period of refusal, suspension, revocation, or prohibition.

Relying on the statutory definition of "operator" as a person "in actual physical control of a vehicle" (*N.J.S.A.* 39:1–1), de-

fendant says that he did not "personally operate" the car. In response, the State urges that *N.J.S.A.* 39:3-40 must be read in conjunction with *N.J.S.A.* 39:3-13, which provides that a permittee may operate a vehicle only "under the control" of a licensed driver and that both the permittee and the licensed driver "shall be held accountable for all violations" of the motor vehicle and traffic laws. Since defendant undertook to supervise Patrick as a permittee, the State argues, he exercised control of the car, accepted responsibility for its operation and thus "personally operated" it within the meaning of *N.J.S.A.* 39:3-40.

We find the State's argument unpersuasive. By purporting to validate Patrick's operation of the car as a permittee, defendant may be said to have assumed "supervision" and "control" of Patrick, albeit in violation of *N.J.S.A.* 39:3-13. And it may follow that defendant thereby became accountable for all violations of the motor vehicle and traffic laws, since a driver with a revoked license who undertakes responsibilities reserved to a licensed driver should not be any less accountable than a duly licensed driver. But supervision and control of Patrick, and accountability for his driving, do not establish that defendant "personally" operated the car within the meaning of *N.J.S.A.* 39:3-40. "Personally" means without the intervention of another, not through an agent or substitute. *See Webster's Third New International Dictionary,* 1686 (1976); *Funk & Wagnall's New Standard Dictionary* 1844 (1952). Since defendant's "operation" of the car was through Patrick, he cannot be said to have "personally" operated the car that Patrick himself was personally operating.

The judgment of conviction is reversed.